FLAUM, Circuit Judge,
concurring in the judgment.
I concur in the judgment and write separately to express my considerable unease with the outcome of this appeal and the signal that it may send about how the criminal justice system treats wealthy tax evaders. In my view, Warner’s commendable charitable spirit does not obviate the appropriateness of some period of incarceration. He purposely sought to deprive the federal government of millions of dollars of tax revenue simply to amass more of his enormous wealth. As Judge Koeor-as put it, Warner’s acts “go[] to the essence of how we govern ourselves.” I agree wholeheartedly, and, therefore, Warner’s non-custodial sentence — regardless of his philanthropy — causes me concern.
Nevertheless, we review the sentence imposed for an abuse of discretion. And the deference we afford the sentencing judge here must be informed by the leniency with which the government approached Warner’s prosecution. Despite years of willful tax evasion, the government chose to charge Warner with just one count. And further, with a Sentencing Guidelines range of 46-57 months, the gov *865 ernment recommended a relatively modest period of incarceration (“in excess of a year and a day”). For me, these two debatable acts of prosecutorial discretion, point toward an affirmance in this case, as they provided a uniquely limiting context for the district judge’s exceptional exercise of leniency. Without this backdrop, I would be inclined to vacate the sentence imposed and remand for resentencing. However, in light of a veteran jurist’s thoughtful and thorough consideration of the case, I am compelled to conclude that Warner’s sentence falls within a sentencing judge’s broad band of discretion.